IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOEL JONES,<br><br>                          Petitioner,<br><br>     vs.<br><br>STATE OF NEBRASKA,<br><br>                          Respondent. | **4:25CV3231**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on preliminary review of Petitioner Joel Jones' ("Petitioner") Petition for Writ of Habeas Corpus, Filing No. 1, brought pursuant to 28 U.S.C. § 2254 and filed on November 12, 2025. Also before the Court is a motion requesting appointment of counsel and an evidentiary hearing. Filing No. 3. Upon review, the Court finds the petition is insufficient and this matter cannot proceed further until Petitioner cures the deficiencies discussed below. The Court will also deny Petitioner's motion without prejudice as premature.

      First, Petitioner failed to include the $5.00 filing fee. Petitioner has the choice of either submitting the $5.00 fee to the Clerk's office or submitting a request to proceed in forma pauperis. If Petitioner chooses to do the latter, the enclosed pauper's forms should be completed and returned to this Court. Failure to take either action within 30 days will result in the Court dismissing this case without further notice to Petitioner.

      Second, Petitioner has not signed the petition under penalty of perjury, which is required to proceed. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Indeed, Petitioner has not signed the petition at all, but rather the petition was

signed on Petitioner's behalf by Donna Amos ("Amos"), who is identified as his power of attorney and who dropped off the petition for filing. Included with the petition is a copy of a "Nebraska Power of Attorney" executed by Petitioner naming Amos as his power of attorney and purportedly giving Amos authority to "sign legal documents." Filing No. 1-1 at 3. However, even if Amos holds Petitioner's power of attorney, Amos may not sign the petition on Petitioner's behalf as there is no indication that Amos is an attorney admitted to practice in this Court. *See Reese v. Sherburne Cnty. Det. Ctr.*, No. 019CV01975ECTKMM, 2020 WL 4593803, at *2 (D. Minn. Aug. 11, 2020) ("[E]ven where a plaintiff has granted power of attorney to a non-lawyer in accordance with state law, this does not authorize the non-lawyer to conduct litigation [on] the person's behalf.") (citing *Kapp v. Booker*, No. CIV.A. 05-402-JMH, 2006 WL 385306, at *3 (E.D. Ky. Feb. 16, 2006)). It is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1 (D. Neb. Oct. 23, 2007) (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)). Parties only may proceed in federal court pro se when acting solely for themselves or through counsel. 28 U.S.C. § 1654; *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (non-lawyer has no right to represent another entity in federal court). Thus, if Petitioner wishes to challenge his detention through federal habeas proceedings, then he must sign and file a petition on his own behalf using the forms enclosed with this Memorandum and Order. Alternatively, if Petitioner does not wish to proceed with this § 2254 habeas petition, he should inform the Court within 30 days.

Third, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States*

2

*District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules Governing Section 2254 Cases in the United States District Courts*. Here, Petitioner did not use the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody. Rather, he (or Amos purportedly acting on his behalf) submitted a five-page, typed document that does not clearly indicate the judgment challenged.

Finally, Petitioner has named an improper respondent in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has named the State of Nebraska as respondent in this matter, which is not a proper respondent. As Petitioner is in the custody of the Nebraska Department of Correctional Services ("NDCS"), Rob Jeffreys, the director of the NDCS, would be the proper Respondent in this matter.

Based on these deficiencies, Petitioner's petition is deemed insufficient, and the Court will not act upon it. However, on the Court's own motion, Petitioner will have 30 days in which to file an amended petition for writ of habeas corpus if he wishes to proceed with this case. Should Petitioner decide to allow this action to proceed as one brought pursuant to Section 2254, he should be aware of his obligation to raise all his habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

To be clear, if Petitioner wants to proceed with this case, Petitioner must (1) either pay the $5.00 fee or submit a request to proceed in forma pauperis

3

and (2) file an amended petition for writ of habeas corpus under 28 U.S.C. § 2254 that is originally signed under the penalty of perjury. The Court will direct the Clerk of the Court to send to Petitioner the AO 241 Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. If Petitioner fails to take any action within 30 days, the Court will dismiss this case without prejudice and without further notice to Petitioner.

Additionally, because the petition is deficient and cannot proceed without amendment, the Court will deny Petitioner's motion requesting appointment of counsel and an evidentiary hearing without prejudice as premature. Denial is also appropriate given that the motion, like the petition, was signed on Petitioner's behalf by Amos and not by Petitioner himself.

IT IS THEREFORE ORDERED that:

1. The pending petition, Filing No. 1, is deemed insufficient and the Court will not act upon it. If Petitioner does not wish to proceed with this § 2254 habeas petition, he should inform the Court by **December 19, 2025**.

2. If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, he must file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury no later than **December 19, 2025,** unless the Court extends the time in which he has to amend in response to a written motion. Petitioner must set forth all his claims in an amended petition for writ of habeas corpus. Petitioner is encouraged to use the enclosed official Form AO 241 if he files an amended petition.

3. Petitioner also shall no later than **December 19, 2025,** submit the $5.00 filing fee to the Clerk's office or submit a request to proceed in forma pauperis if he intends to pursue this matter.

4. If Petitioner fails to respond to this order or file an amended petition, this matter will be dismissed without prejudice and without further notice to Petitioner for the deficiencies described herein.

5. The Clerk of the Court is directed to send to Petitioner the Form AO240 ("Application to Proceed Without Prepayment of Fees and Affidavit") and the Form AO241 ("Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus").

6. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number (4:25CV3231).

7. The Clerk of the Court is directed to send a copy of this order to Petitioner at his address on file and to Donna Amos, 3703 Chadd Ct., Lincoln, NE 68521.

8. The Clerk of the Court is directed to set a pro se case management deadline in this matter with the following text: **December 19, 2025**: Check for MIFP or payment and amended petition.

9. The motion for appointment of counsel and evidentiary hearing, Filing No. 3, is denied without prejudice.

Dated this 19th day of November, 2025.

BY THE COURT:

*John M. Gerrard*
_____
John M. Gerrard
Senior United States District Judge