IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOEL JONES,

             Petitioner,

    vs.

ROB JEFFREYS, Dir. Nebraska
Department of Correctional Services
(NDCS);

             Respondent.

**4:25CV3231**

**MEMORANDUM AND ORDER**

This matter is before the court on preliminary review of Petitioner Joel Jones' Amended Petition for Writ of Habeas Corpus, Filing No. 17, brought pursuant to 28 U.S.C. § 2254. Jones' initial Petition was filed in this court on November 12, 2025.

Petitioner pled no contest to manslaughter, a Class IIA felony; and possession of a firearm by a prohibited person, a Class ID felony. He was sentenced to 19 to 20 years' imprisonment on the manslaughter charge, and 30 to 40 years' imprisonment on the gun possession charge, with the sentences to run consecutively. *State v. Jones,* No. A-21-986, 2022 WL 3589047, at *1 (Neb. Ct. App. Aug. 23, 2022). He timely appealed, and the appeal was denied on August 23, 2022.

Based on the Nebraska state court's online records, the mandate was issued on October 28, 2022.[1] Petitioner filed a motion for postconviction relief on January 6, 2023, which was denied on January 12, 2023, for lack of

---

[1] The Court takes judicial notice of the state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

verification as required under Neb. Rev. Stat. § 29-3001. The motion was re-filed on March 3, 2023, and dismissed on March 6, 2023, for lack of a properly notarized verification. Petitioner filed a letter on December 22, 2023, which was liberally construed as a motion for a continuance of his appeal deadline. It was denied January 11, 2024, as abandoned for failure to file a hearing notice. On March 21, 2024, Plaintiff moved to reopen his prior motion, claiming the court had sent its orders to the incorrect address and he was not aware of the prior dismissal(s). This motion was denied as untimely on March 24, 2024. He filed a motion to reopen his motion for postconviction relief on October 1, 2024, which was denied on November 6, 2024. Petitioner did not appeal any of these state district court postconviction rulings.

It appears Petitioner's claims may be barred by procedural default, the statute of limitations, 28 U.S.C. § 2244(d)(1)(A), or both. Upon review of the petition, the Court finds Petitioner is not relying on "actual innocence" to excuse any procedural bar. However, to ensure a just and fair resolution of this matter, the Court will enter an order progressing this case to final resolution.

Petitioner moves for an evidentiary hearing, Filing 18, and for appointment of counsel. Filing 19. It appears this case will be decided solely on the state court record. The motion for evidentiary hearing will therefore be denied without prejudice. As to the request for counsel, there is no constitutional right to counsel in a habeas action. *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). A district court may appoint counsel for a habeas petitioner in the interest of justice. The interests of justice require appointed counsel when the district court conducts an evidentiary hearing on the petition, but the appointment of counsel is discretionary when no evidentiary hearing is necessary. In exercising its discretion, the court considers the legal and factual complexity of the case, and the petitioner's ability to investigate and

2

present his claims, along with any other relevant factors. Where the issues involved can be properly resolved based on the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel. *Id*. at 471.

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. This is a relatively straightforward case, for which there is ample legal authority, which will likely be decided solely on the state court record. The facts are uncomplicated and should be readily discoverable. Plaintiff has demonstrated an ability to present his claims, his pro se filings are generally well-written, and he has complied with the Court's directives. Plaintiff understandably faces challenges representing himself, but "most indigent prisoners will face similar challenges." *See Recca*, 859 F. App'x at 5 (citing *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)). Petitioner's request for the appointment of counsel will therefore be denied without prejudice to reassertion.

The Court is, however, aware that this situation may change as litigation progresses. As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED:

1. Petitioner's motion for an evidentiary hearing, Filing 18, and motion for appointment of counsel, Filing 19, are denied without prejudice.

2. By May 12, 2026, Respondent must file a motion for summary judgment or state court records in support of an answer. The Clerk of the Court is directed to set a pro se case management deadline in this

3

case using the following text: May 12, 2026: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. If the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. If Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the motion is therefore fully submitted for decision.

F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (See the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.

4. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A. By May 12, 2026, Respondent must file all state court records that are relevant to the cognizable claims. See, e.g., Rule 5(c)-(d) of the Rules Governing Section 2254 Cases in the United States District Courts. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies,

a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the Court except that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's answer and brief. If the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the Court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the Court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. If Respondent elects not to file a reply brief, she should inform the Court by filing a notice stating that she will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

F. The Clerk of the Court is directed to set a pro se case management deadline in this case using the following text: June 11, 2026: check for Respondent's answer and separate brief.

5. No discovery shall be undertaken without leave of the Court. See Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated this 31st day of March, 2026.

BY THE COURT:

s/*Cheryl R. Zwart*
United States Magistrate Judge